16-4032-cv
ING Bank N.V. v. JAWOR M/V

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of July, two thousand eighteen.

Present:     BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges.*

_____

ING Bank N.V.,

                     *Plaintiff-Appellant*,


                     v.                                          16-4032-cv


JAWOR M/V, IMO No. 9452608, her engines, tackle, equipment, furniture, appurtenances, etc., *in rem*,

                     *Defendant* in rem-*Appellee.*




_____

Appearing for ING Bank N.V.:          Bruce G. Paulsen, Brian P. Maloney,
                                      Seward & Kissel, LLP, New York,
                                      N.Y.

                                      James D. Bercaw, King, Krebs &
                                      Jurgens, PLLC, New Orleans, LA.

Appearing for JAWOR M/V, IMO No. 9452608:        Michael James Dehart, Michael E. Unger, Freehill Hogan & Mahar LLP, New York, N.Y.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED IN PART, AFFIRMED IN PART, AND REMANDED**.

Appellant ING Bank N.V. ("ING") appeals from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*). The District Court entered summary judgment to defendant *in rem* JAWOR M/V (the "Vessel") on ING's maritime lien claim against it for the provision of bunkers to the Vessel. The claim was brought under the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. § 31301 *et seq.* In addition, the Court reduced the amount of security posted to permit the Vessel's release from arrest. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

As relevant to this appeal, ING is the purported assignee of the O.W. Bunker Group, a global collection of entities and subsidiaries that was engaged in the business of supplying bunkers to ships in maritime commerce. In 2014, the charterer of the Vessel, a Chinese entity called Able Glory Maritime Co., Ltd. ("Able Glory"), ordered bunkers from O.W. Bunker Middle East DMCC ("O.W. Bunker Middle East") to fuel the Vessel in Singapore in preparation for the Vessel's voyage to Australia. O.W. Bunker Middle East then used the services of a subcontractor, O.W. Bunker Far East (S) Pte Ltd. ("O.W. Bunker Far East") to supply the bunkers to the Vessel. O.W. Bunker Far East then subcontracted with Coastal Energy Pte Ltd.

2

("Coastal") for the supply of the bunkers, who, in turn, subcontracted the actual supply of the physical bunkers to a local physical supplier, Triton Bunkering Services Pte Ltd. ("Triton"). On October 30, 2014, Triton delivered the bunkers to the Vessel in Singapore. The O.W. Bunker Group then entered bankruptcy, and the bunkers were never paid for.

In June 2016, ING, acting as assignee of the O.W. Bunker Group, filed a complaint *in rem* in the United States District Court for the Eastern District of Louisiana, asserting a maritime lien against the Vessel for the unpaid bunkers. The Vessel was then arrested in New Orleans but was released shortly after the Louisiana District Court approved the deposit of $926,053.93, with an interest rate of 6%, into the registry of the court to serve as security.

In August 2016, the case was transferred to the Southern District of New York, where ING moved for summary judgment on its maritime lien claim. The District Court denied ING's motion and instead *sua sponte* entered summary judgment in favor of the Vessel. The District Court also entered an order reducing the security to $457,305.99 and reducing the interest rate to 3.5%. This appeal followed.

On appeal, ING argues that the District Court erred in granting summary judgment *sua sponte* to the Vessel on ING's maritime lien claim, and that the District Court erred in reducing the security and the interest rate. We agree with the first contention and disagree with the second. We therefore vacate the entry of summary judgment in the Vessel's favor and affirm the reduction in security.

The District Court denied ING's application for a maritime lien on the ground that its assignor, O.W. Bunker Middle East, had not "provid[ed]" bunkers to the Vessel, as required by CIMLA, because it hired subcontractors to undertake the actual supply of the bunkers and because, in the District Court's view, the record did not establish that O.W. Bunker Middle East

3

faced any financial risk in its contractual obligations with its subcontractors. This rationale is inconsistent with CIMLA. Instead, "[t]o assert a maritime lien, all a bunker contractor must establish is that it contracted with a statutorily-authorized person for the delivery of bunkers and that the bunkers were delivered pursuant to that contractual arrangement." *ING Bank N.V. v. M/V TEMARA*, 892 F.3d 511, 520 (2d Cir. 2018). And, "a supplier may provide necessaries to a vessel indirectly through a subcontractor because when a subcontractor does so pursuant to its contract with a contractor, the subcontractor's performance is attributable to the contractor." *Id.* at 519. There is no dispute that O.W. Bunker Middle East was hired to supply bunkers by the Vessel's charterer (Able Glory), and there is no dispute that the bunkers were delivered to the Vessel under that arrangement. Consequently, O.W. Middle East (or ING, as its purported assignee) may assert a maritime lien against the Vessel for the unpaid bunkers. The District Court's risk analysis was an incorrect application of CIMLA. We therefore vacate the District Court's grant of summary judgment to the Vessel, and remand for further proceedings.

Moreover, the manner in which the District Court granted summary judgment to the Vessel—*sua sponte* and without notice or an opportunity to be heard—was inconsistent with Federal Rule of Civil Procedure 56(f) and was thus improper. For the reasons we explained in *M/V TEMARA*, 892 F.3d at 523-25, ING was prejudiced by the *sua sponte* entry of summary judgment.

As to the District Court's order reducing security, there was no abuse of discretion. The District Court reduced the security in this case pursuant to Supplemental Admiralty Rule E(6) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[w]henever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given[.]" Supp. Adm. Rule E(6). ING argues this reduction was erroneous as a matter

4

of law because Supplemental Admiralty Rule E(5)(a) requires that the interest be set at 6% and fixing it at any other rate was an error of law and an abuse of discretion. But, we held in *Chemoil Adani Pvt. Ltd. v. M/V MARITIME KING*, No. 16-3944, 2018 WL 3339788 (2d Cir. July 9, 2018) (per curiam), that Supplemental Admiralty Rule E(6) broadly permits the District Court, in its discretion, to reduce a security interest rate, including one imposed under Supplemental Admiralty Rule E(5)(a). *Chemoil Adani*, 2018 WL 3339788, at *2-3. Accordingly, the District Court did not abuse its discretion in reducing the interest rate from 6% to 3.5%.

We have considered ING's other arguments and find them to be without merit.

Accordingly, the judgment of the District Court is **VACATED IN PART, AFFIRMED IN PART, and REMANDED FOR FURTHER PROCEEDINGS.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK